1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C18-5748 BAT <br><br> **ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's non-disability decision, contending the ALJ harmfully misevaluated the opinions of Jennifer Irwin, Ph.D., and requesting the Court remand the case for further proceedings. Dkt. 10. The Court agrees and **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

Dr. Irwin opined plaintiff "would have difficulty" 1) interacting with coworkers and the public; 2) performing work activities on a consistent basis; 3) maintaining regular attendance; 4) completing a normal workday or work week; and 5) dealing with the usual stress of a normal workplace. Tr. 597. The ALJ gave little weight to these opinions, finding the doctor's use of "would have difficult" is vague. Tr. 20. The Commissioner argues this is a valid reason under *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999). Dkt. 9 at 2. The Court rejects the argument. In

*Meanel*, the Court affirmed the ALJ's rejection of Dr. Manos' opinion because the record showed Dr. Mano's "meager opinion," was "conclusory and unsubstantiated by relevant medical documentation." *Meanel.* at 1114. The Court further noted a discrepancy between Dr. Mano's opinion the claimant had decreased concentration ability and how the doctor "did not document any problem with concentration." *Id.* In contrast, the ALJ made no such findings and simply noted the doctor's opinion is "somewhat vague." Tr. 20.

The Court also notes the ALJ's treatment of Dr. Irwin's opinions regarding plaintiff's difficulties with interacting with coworkers and the public and maintaining regular attendance shows Dr. Irwin's opinions are not vague. *Id.* The ALJ gave separate reasons to reject these two limitations and specifically found the doctor's opinions about plaintiff's difficulty with social interaction and avoidant behaviors "appear to be overstated." *Id.* This shows the ALJ viewed Dr. Irwin's opinions as setting a level of functioning that was below the ALJ's determination of plaintiff's RFC. The doctor's opinions are thus not so vague as to render them either meaningless or as amounting to functioning that is consonant with the ALJ's RFC determination.

Moreover, if Dr. Irwin's opinions truly were ambiguous or insufficient to allow for a proper determination of disability, the ALJ should have, as is his duty, developed the evidence, not ignore or reject it on vagueness grounds. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). In sum, the ALJ harmfully erred in rejecting Dr. Irwin's opinions as somewhat vague. In contrast to *Meanel* in which the ALJ properly rejected a conclusory opinion that was not supported by the doctor's own findings, the ALJ improperly rejected Dr. Irwin's opinion as somewhat vague; to simply say the opinion is vague is insufficient. Additionally, the ALJ's treatment of two of the doctor's other opinions indicate Dr. Irwin's opinions are not vague; the ALJ rejected two sets of limitations indicating the ALJ viewed Dr. Irwin's opinion as rendering

1 plaintiff more limited than the ALJ believed was supported. Moreover, if the doctor's opinions truly were unclear, the ALJ had a duty to develop them, not ignore them. The Court for these reasons according concludes the ALJ harmfully erred in rejecting Dr. Irwin's opinions as to plaintiff's difficulty with performing work activities on a consistent basis; completing a normal workday or work week; and dealing with the usual stress of a normal workplace.

Dr. Irwin also opined plaintiff would have difficulty in two more areas. As to these areas, the ALJ gave additional reasons to reject Dr. Irwin's opinions that plaintiff would have difficulty with maintaining attendance and with social interaction. Tr. 20. The ALJ found Dr. Irwin's opinion plaintiff would have difficulty with attendance is contradicted by plaintiff's "ability to maintain regular attendance in her college courses." *Id.* Plaintiff contends substantial evidence does not support the ALJ finding because plaintiff's college provides her accommodations. Dkt. 8 at 4, citing Tr. 18. But plaintiff testified her accommodation involves being allowed to work more slowly, and being allowed to leave the classroom if she has a panic attacks. Tr. 52-53. These accommodations do not show plaintiff cannot maintain regular attendance. Plaintiff in any event never testified she did not maintain regular college class, and stated she left the classroom due to panic attacks "just a handful of times." Tr. 53. The Court accordingly concludes the ALJ reasonably discounted Dr. Irwin's opinion about attendance problems as inconsistent with plaintiff's ability to regularly attend her college classes.

As to Dr. Irwin's opinion about plaintiff's difficulty with social interaction, the ALJ found the problem is "overstated" because plaintiff has shown the "ability to get along well with college classmates and act as a 'mother hen' to younger students." Tr. 20. Plaintiff argues her social contact with her classmates is a "harmful activity" and "not a strength of W. but a weakness." Dkt. 8 at 4. In support, she cites a medical record which states:

> Enjoying her classes at college. Says she finds herself stepping into the role of the 'mother hen' and taking care of students that don't have relationships with their mothers. Is working with therapist to set better boundaries and focus on self care.

Tr. 746. This record tends to support the ALJ's finding that Dr. Irwin's opinion that plaintiff has difficulty with interacting with coworkers and engages in a "pattern of avoiding socializing outside the family," is overstated. The evidence plaintiff relies upon does not indicate plaintiff has problems socializing; if anything, plaintiff socializes to the extent that plaintiff may be neglecting her own needs. The Court accordingly cannot say the ALJ unreasonably discounted Dr. Irwin's about plaintiff's difficulty with social interaction.

For the reasons the above, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Dr. Irwin's opinions regarding plaintiff's limitations in performing work activities on a consistent basis; completing a normal workday or work week; and dealing with the usual stress of a normal workplace with prejudice. As discussed above the Court affirms the ALJ's rejection of the doctor's opinions regarding plaintiff's limitations with interacting with coworkers and the public, and maintaining regular attendance. The ALJ shall develop the record and reassess plaintiff's RFC, and proceed to step five as appropriate.

DATED this 30th day of January, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge